**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ROBERT ETHAN MILLER, JR.,
          Plaintiff,

      v.                                        CIVIL ACTION NO. 15-12903-NMG

FUND: 197, ET AL.,
CUSIP: 315918672, SYMBOL: FABTX
SEARCH VALUE: 197cr49601Iode, or DERIVATIVE,
ET AL.,
          Defendants.

**MEMORANDUM AND ORDER**

**GORTON, J.**

**Background**

On July 6, 2015, plaintiff Robert Ethan Miller, Jr. ("Miller"), a prisoner formerly in custody at the U.S. Penitentiary in Marion, Illinois and currently in custody at FCI Terre Haute, Terre Haute Indiana,[1] filed a purported "In Rem" Verified Complaint under the Federal Maritime Lien Act, alleging breach of maritime contract through an international agreement. In the caption of the case, he lists the defendant as "Fund 197, et al., Cusip: 315918672, Search Value: 1:97cr49601ode, Symbol: Fabtx, or any/all Derivatives thereof at or in relation to Fidelity Investments, 82 Devonshire Street [,] Boston, MA 02109." Compl. (Docket No. 1 at 7).

The Complaint and the various other pleadings submitted by Miller are rambling and not

---

[1] Miller claims that in 1998 he agreed to a Public Safety Commitment in accordance with 47 U.S.C. § 1441 (Public Safety Commitments). See Mandatory Judicial Notice (Docket No. 16 at 1). The Court presumes Miller is a "prisoner" insofar as a search of the records of the Federal Bureau of Prisons indicates that Miller's projected release date is November 23, 2039. Further, a search of PACER indicates that Miller was convicted of uttering counterfeit obligations and securities, aggravated felonies, and tampering with a witness, victim, informant (if death results), for which he was sentenced concurrent and consecutive sentences totaling 350 months imprisonment. See Judgment (Docket No.136) in United States v. Miller, et al., Criminal No. 1:97-cr-00496-ODE-GGB-1 (N.D. Ga. 1998) (subsequent history omitted). In 2005, Miller also was convicted of conspiracy to possess marijuana with intent to distribute and trafficking in contraband articles as a federal inmate. See Judgment, (Docket No. 33) in United States v. Miller, Criminal No. 5:04-cr-00024-WTH-GRJ-1 (M.D. Fl. (Ocala) 2005).

entirely coherent. From what can be gleaned from his Complaint and various other pleadings, Miller contends that he is the creditor in connection with multi-million dollar judgments filed in the Cook County Circuit Court in Illinois, but alleges that he has been unable to enforce any entitlements related to those judgments. He also contends that he is authorized to pursue a claim related to a maritime lien in excess of $117 million. Further, Miller claims that he is not the plaintiff in this action; rather, he claims he is an authorized representative under a restricted appearance. He also alleges he was the obligor of Fund:197. While not entirely clear, it appears that these matters were, in part, the subject of proceedings in Miller's criminal case in the Northern District of Georgia. See United States v. Miller, et al., Criminal No. 1:97-cr-00496-ODE-GGB-1.

Along with the Complaint, and subsequent to its filing, Miller filed a number of motions. First, he seeks injunctive relief under Fed. R. Civ. P. 65 "to enforce the surety's liability on the bonds, et al, relating to Defendant, and all derivatives thereof to effect the release of all derivatively related property, accounts, and otherwise associations...." Motion for Specific Denial R. 9(a)(2) and Otherwise (Docket No. 2).

Second, in addition to that motion, Miller filed seven other motions, including: (1) a Motion to Proceed Against Sureties Claiming any Interest in Defendant Fund, Cusip, Search Value (Docket No. 3); (2) a Motion for an Order for Release of Vessel (Docket No. 6);'[2] (3) a Motion for Order to Take Private Judicial Notice (Docket No. 7); (4) a Motion to Add Third Party Defendants (Docket No. 8) (seeking to add, inter alia, claims under the False Claims Act); (5) a Request for Arbitration (Docket No. 9); (6) a Motion for an Order for Discharge Under Chapter 13 (Docket No. 11) (alleging a conspiracy between Fidelity and the creditors related to Fund 197); and (7) a Motion for the In Rem action to Issue (Docket No. 14). He also filed various Letters (non-motions) (Docket Nos. 10, 12, 13).

---

[2]As in this case, In United States v. Miller, et al., Criminal No. 1:97-cr-00496-ODE-GGB-1, supra, Miller filed a post-conviction Motion for Release of Vessel or Property in Accordance with Supplemental Rule (E)(5) (Docket No. 318, filed July 20, 2010).

On October 5, 2015, Miller filed a Notice of Change of Address (Docket No. 15) advising this Court of his transfer to FCI Terre Haute. He also filed a Mandatory Judicial Notice (Docket No. 16); an Offer of Stipulated Judgment between all interested via affidavit (Docket No. 17); and an Acceptance of offer of judgment via authorized rep (Docket No. 18). Attached to that motion was an exhibit entitled "Notice of Lawsuit and Request For Waiver of Service forms directed to "Fund: 197, c/o T. Quinn or assigns of either Mutual Fund, debt service acct. as securities intermediary of Fidelity Investments" (Docket No. 18 at 3). There is a signature signed by "Authorized Representative, Title and First Maritime Lien Holder, Fund: 197, as secured party of Fund 197." Id. at 4.[3]

Miller did not pay the filing fee nor did he file a Motion for Leave to Proceed *in forma pauperis* along with his certified prison account statement.

## Discussion

I.   The Filing Fee and The Three-Strikes Rule

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee[4], see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[5]

---

[3] While unclear, it appears from the handwriting that Miller has signed the Waiver form himself.

[4] The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*. See Judicial Conference Fee Schedule.

[5] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. If eligible to proceed *in forma pauperis*, then, based on the information contained in the prison account statement, the Court

3

As noted above, Miller did not pay the filing fee or file a Motion for Leave to Proceed *in forma pauperis* along with his prison account statement. Nevertheless, in his pleadings, it is apparent that he wishes to proceed *in forma pauperis*.

A review of the public records indicates that Miller is a frequent filer and is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g) because he had filed at least three or more prior civil actions that had been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. As such, he is ineligible to proceed *in forma pauperis* unless he is in "imminent danger of serious physical injury" 28 U.S.C. § 1915(g). This "imminent danger" exception provides a safety valve for a prisoner to bring a civil action notwithstanding the fact that he/she is otherwise ineligible for *in forma pauperis* status.[6]

In a prior suit by Miller in this Court, Judge Saylor initially granted *in forma pauperis* status to Miller in his case against Fidelity Investments; however, upon preliminary screening, it was determined that Miller was a three-strikes litigant and thus his *in forma pauperis* status was revoked. Miller v. Fidelity Investments, Civil Action No. 12-11440-FDS, Order (Docket No. 20, entered March 28, 2013). In that Order, the Court cited as strikes Miller v. United States, Civil Action No. 10–15437 (11th Cir. Feb. 9, 2011) (appeal dismissed as frivolous and entirely without merit); Miller v. United States, Civil Action, No. 1:10–cv–02996 (N.D. Ga. Oct. 29,

---

will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

[6]Courts are split on the issue whether, if a prisoner sufficiently shows he/she is in imminent danger, § 1915(g) limits a prisoner's claims to those relating to the imminent danger and seeking relief from the imminent dangers, or whether § 1915(g) permits a filing fee waiver as to all claims, even if unrelated to the imminent danger and unrelated to relief from that imminent danger. See, e.g., Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010) (finding a prisoner eligible for *in forma pauperis* status based on the imminent danger exception of § 1915(g) could proceed with all claims) cf. Brown v. Lyons, 977 F. Supp. 2d 475, 481-82 (E. D. Pa. 2013) (noting that the imminent danger exception creates a narrow opening for a particular type of claim; it does not give prisoners a license to swamp the court with claims whenever they successfully state a claim of imminent danger).

2010) (dismissed as a legally frivolous action); and <u>Miller</u> v. <u>Miller</u>, Civil Action No. 1:09–cv–01700 (N.D. Ga. July 6, 2010) (granting a Fed. R. Civ. P. 12(b) motion to dismiss with prejudice and finding the action "so implausible and lacking in merit as to establish the complete lack of a federal controversy"). Miller was directed to pay the filing fee but failed to do so and the action was dismissed without prejudice.

Upon an independent review of Miller's prior suits, this Court is satisfied that he qualifies as a three-strikes litigant.[7] Further, in addition to the cases cited above, the Court notes that Miller has an additional strike as the result of <u>Miller</u> v <u>Zych</u>, Civil Action No. 7:11-cv-00290-JLK (W.D. Va. June 27, 2011) (dismissing action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted).

Miller appears to recognize that he is a three-strikes litigant since he attempts to circumvent application of the three-strikes rule in two ways. First, he claims that he is asserting this case to be an "*in rem*" action and further claims that he is <u>not</u> the plaintiff, but rather an authorized representative (it is unclear who he claims to represent).

Second, he alleges that he is in "imminent danger of death." He claims he is not in good health and is not being properly treated, "and is being injured and damaged daily." Motion Requesting the Court Take Private Judicial Notice (Docket No. 7 at 4, ¶ 4).

Neither of Miller's allegations persuade this Court that he should be permitted leave to proceed *in forma pauperis* notwithstanding his three-strikes status under § 1915(g). Although Miller contends this is an *in rem* action, it appears from his assertions that he is also seeking *in personam* relief. In any event, no matter how Miller seeks to categorize this case, the Court

---

[7]The Court does not consider dismissals based on lack of jurisdiction as a strike. <u>See</u>, e.g., <u>Miller</u> v. <u>Schmidt</u>, Civil Action No. 1:10-cv-01128 (N.D. Ga. Sept. 23, 2010) (dismissed with prejudice for lack of subject matter jurisdiction). Nevertheless, "if it is clear from a court's reasoning that failure to state a claim is a sufficient condition for dismissing the complaint, then the complaint counts as a 'strike' under § 1915(g)." <u>O'Neal</u> v. <u>Price</u>, 531 F.3d 1146, 1156 (9th Cir. 2008). This Court need not reach this issue in light of the rulings contained herein.

deems this to constitute a "civil action." See Fed. R. Civ. P. 1, 3.[8] Section 1915(g) prohibits a three-strikes prisoner from "bring[ing]" a civil action. There is no limitation as to the type of civil action (*in rem* or *in personam*) subject to the rule. 28 U.S.C. § 1915(g) (brackets added).

Next, although Miller relies on the imminent danger exception in § 1915(g), he fails to demonstrate that he actually is in "imminent danger of serious physical injury." The amorphous allegation that his health is not treated adequately is insufficient to meet this exception. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding vague, speculative, or conclusory allegations are insufficient to invoke the imminent danger exception of § 1915(g)). Tellingly, he does not appear to seek relief from the alleged imminent danger; rather, his focus is purely on financial matters against a defendant who is not a custodian nor has any involvement with respect to Miller's conditions of confinement. In view of this, the Court cannot find he has sufficiently demonstrated that he is exempt from application of the three-strikes rule.

Accordingly, this action shall be **DISMISSED** within 21 days of the date of this Memorandum and Order unless Miller pays the $350.00 filing fee and the $50.00 administrative fee of the Court.[9] Failure to comply with this directive will result in a dismissal of this action in its entirety.

II.     Plaintiff, a Non-Attorney, May Not Represent the Interests of Others

As noted above, Miller seeks to circumvent the three-strikes rule by insisting that he is not the plaintiff, but instead is an authorized representative with limited authorization. It is unclear who he represents or the scope of the representation. In any event, Miller's argument is unavailing as well. Even if this Court considered that he is an authorized representative for some

---

[8] A civil action is commenced by the filing of a Complaint. Fed. R. Civ. P. 3. Here, Miller filed a Verified Complaint. Moreover, the Federal Rules of Civil Procedure apply to *in rem* actions. See, e.g., Fed. R. Civ. P. 20(a)(2) (Permissive Joinder of Parties) providing procedures for joinder for *in rem* actions involving a "vessel, cargo, or other property subject to admiralty process in rem").

[9] In light of the unresolved filing fee issues, this Court need not address the glaring legal impediments to this action. If this action is permitted to proceed, the case will be preliminarily screened pursuant to 28 U.S.C. § 1915(e) and/or the Court's inherent authority to screen cases.

person or artificial entity, he may not proceed with the claims in this case because he is not a duly-licensed attorney admitted to practice in this Court.[10]

Section 1654 of Title 28 of the United States Code does not allow unlicenced lay-people to represent others.  See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991); 28 U.S.C. § 1654.  Moreover, the Local Rules of this Court prohibit such representation.  See Local Rule 83.5.3(c). ("A person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only on his own behalf."). [11]

Accordingly, all claims purported to be asserted by Miller on behalf of another are DISMISSED in their entirety because Miller is not authorized to bring such claims in this Court.[12]

All pending motions are RESERVED pending compliance with this Memorandum and Order.

---

[10] It is unclear whether Miller is an attorney.  The records of the Massachusetts Board of Bar Overseers of the Supreme Judicial Court lists a "Robert E. Miller" as admitted to the bar on 12/22/80, but the current status is "Administratively Suspended."  See http://massbbo.org/bbolookup.php?sl=miller&sf=robert&sc=&soundex=&hit=1.  Additionally, the records of this Court indicate that there is no Robert Miller registered or admitted to proceed in this Court.

[11] Further, to the extent that Miller seeks to represent an artificial entity such as a corporation or trust, he may not do so because artificial entities must be represented by counsel. See Rowland v. California Men's Colony, 506 U.S. 194, 201-03 (1993).  See Volumetric Imaging, Inc. v. Teledyne, Inc., 194 F.R.D. 373, 375 (D. Mass. 2000) (corporations are not human beings; they are creatures of the state and must be represented in court by counsel). Moreover, to the extent Miller seeks to represent artificial entities, the filing fee must be paid in full, since artificial entities are not persons entitled to proceed *in forma pauperis*.  Rowland, 506 U.S. at 201-03.  This is because they are not deemed to be "persons" within the meaning of § 1915.  Id. (noting that "... only a natural person may qualify for treatment *in forma pauperis* under § 1915.").

[12] In light of the rulings contained herein, Miller is unable to bring this action unless he pays the filing and administrative fees of this Court.  To sum, to the extent that Miller brings his own claims, he cannot proceed *in forma pauperis* through 28 U.S.C. § 1915(g)'s imminent danger exception.  Conversely, to the extent that Miller claims he is not asserting his own claims, but those of another, he may not do so in this Court because he is not a duly-licensed attorney authorized to practice in this Court.

**Conclusion**

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Request for leave to proceed *in forma pauperis* (contained in the body of his pleadings) is <u>DENIED</u> as he is ineligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

2. This action shall be <u>DISMISSED</u> within 21 days of the date of this Memorandum and Order unless plaintiff pays the $350.00 filing fee and the $50.00 administrative fee of the Court.

3. All claims purported to be asserted by Miller on behalf of another are <u>DISMISSED</u> in their entirety because Miller is not authorized to bring such claims in this Court *pro se.*

4. All pending motions are <u>RESERVED</u> pending compliance with this Memorandum and Order.

SO ORDERED.

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated: November 20, 2015